**WO**                                                                                       KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Steven Murray Crosby, | ) | No. CIV 05-3234-PCT-NVW (LOA) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| State of Arizona, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

On October 14, 2005, Plaintiff Steven Murray Crosby, presently confined in the Arizona State Prison Complex-Lewis, filed a Civil Rights Complaint by a Prisoner ("Complaint") pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis* ("Application to Proceed").  Plaintiff's Application to Proceed is insufficient to support the request to proceed *in forma pauperis* because Plaintiff did not file a certified copy of his inmate account statement from the Arizona Department of Corrections' Central Office.

**A.  Payment of Filing Fee.**

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the two hundred fifty dollar ($250.00) filing fee when he files a civil action.  Nevertheless, Plaintiff may file a civil action even if he has no assets to immediately pay the filing fee. 28 U.S.C. § 1915(b)(4).  If Plaintiff

**JDDL**

1  currently has no assets, the filing fee will be collected from his inmate account when funds

2  exist.  28 U.S.C. § 1915(b).

3  Accordingly, Plaintiff must now pay the two hundred fifty dollar ($250.00) filing fee

4  or, if unable to pay the fee immediately, must submit to the Court a new, certified

5  Application to Proceed, using the form included with this Order.  Plaintiff's Application to

6  Proceed must have an original signature by Plaintiff, and must include a certified copy of his

7  trust fund account statement (or institutional equivalent) for the six (6) months immediately

8  preceding the filing of the Complaint, and if he was held at more than one institution during

9  the six (6) months immediately preceding the filing of the Complaint, he must file a certified

10  trust fund account statement(s) (or institutional equivalent) for each institution where he was

11  confined.  Both Plaintiff's Application to Proceed and trust fund account statement must have

12  an original signature of an authorized officer of the institution.

13  The Arizona Department of Corrections ("ADOC") has notified the Court that a

14  certified trust fund account statement showing deposits and average monthly balances is

15  available from the ADOC's Central Office.  Accordingly, Plaintiff shall obtain the certified

16  copy of his trust fund account statement from the ADOC's Central Office.

17  **B.  <u>Application Fails to Comply With Statute</u>.**

18  Although Plaintiff attached a printout of his account statement to his Application to

19  Proceed, Plaintiff's Application to Proceed is deficient because the printout of his inmate

20  account statement for the six (6) months immediately preceding the filing of the Complaint

21  is not certified by an authorized officer of the institution, and does not show deposits and

22  average monthly balances as required.

23  Accordingly, Plaintiff's Application to Proceed will be denied without prejudice and

24  Plaintiff will be given thirty (30) days to submit a new Application to Proceed, using the

25  form included with this Order, and a certified copy of his trust fund account statement(s)

26  **from the ADOC's Central Office** for the six (6) months immediately preceding the filing

27  of the Complaint.

28

JDDL

1    If Plaintiff submits a new, certified Application to Proceed and a certified copy of his

2    trust fund account statement(s) for the six (6) months immediately preceding the filing of the

3    Complaint, instead of immediately paying the two hundred fifty dollar ($250.00) filing fee,

4    the Court will assess and, when funds exist, collect an initial partial filing fee of twenty

5    percent (20%) of the greater amount of either the average monthly deposits or the average

6    monthly balance in Plaintiff's account for the six (6) months immediately preceding the filing

7    of the Complaint.  28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee,

8    Plaintiff will be required to make monthly payments equaling twenty percent (20%) of the

9    preceding month's income credited to his account.  28 U.S.C. § 1915(b)(2).

10    The agency having custody of Plaintiff will be required to forward payments from his

11    account to the Clerk of the Court each time the amount in the account exceeds ten dollars

12    ($10.00) until the filing fee is paid.  Id.

13    **C.  Statutory Limitations on Prisoner Complaints.**

14    Plaintiff should note that even after he pays the filing fee, the Court will dismiss the

15    case at any time if the Court determines the allegation of poverty is untrue, the action is

16    frivolous or malicious, the complaint fails to state a claim upon which relief may be granted,

17    or monetary relief is sought against a defendant who is immune from such relief. 28 U.S.C.

18    § 1915(e)(2). The Court also will dismiss the complaint if Plaintiff fails to exhaust any

19    administrative remedy available to him.  42 U.S.C. 1997e(a).

20    Plaintiff also should note that a prisoner may not bring a civil action without complete

21    prepayment of the appropriate filing fee if the prisoner has brought on three or more

22    occasions an action or appeal in a federal court that was dismissed as frivolous, as malicious,

23    or for failure to state a claim upon which relief may be granted, unless the prisoner is in

24    imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

25    **D.  Notice of Possible Dismissal Pursuant to Rule 41.**

26    Plaintiff is cautioned that if he fails to timely comply with every provision of this

27    Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

28    41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258 (9th

1  Cir.) (district court may dismiss action for failure to comply with any order of the court), <u>cert</u>.

2  <u>denied</u>, 506 U.S. 915 (1992).

3       **IT IS THEREFORE ORDERED:**

4       (1) Plaintiff's Application to Proceed *In Forma Pauperis* ("Application to Proceed"),

5  filed with the Complaint, is DENIED WITHOUT PREJUDICE;

6       (2)  Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order to pay

7  the two hundred fifty dollar ($250.00) filing fee, or in the alternative, to file with the Court

8  a new, certified Application to Proceed, using the form included with this Order.  Plaintiff's

9  Application to Proceed shall have an original signature by Plaintiff, and shall include a copy

10  of his trust fund account statement (or institutional equivalent) for the six (6) months

11  immediately preceding the filing of the Complaint which is certified by an authorized officer

12  of the Arizona Department of Corrections ("ADOC").   Both Plaintiff's Application to

13  Proceed and trust fund account statement shall have an original signature of an authorized

14  officer of the ADOC.  If Plaintiff was held at more than one institution during the six (6)

15  months immediately preceding the filing of the Complaint, he shall file a certified trust fund

16  account statement(s) (or institutional equivalent) for each institution where he was confined.

17  **The trust fund account statement(s) must show deposits and average balances for each**

18  **month.  Plaintiff shall obtain the certified copy of his trust fund account statement for**

19  **his account at the ADOC from the ADOC's Central Office**;

20       (3) The Clerk of Court is DIRECTED to enter a judgment of dismissal without

21  prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to pay the two

22  hundred fifty dollar ($250.00) filing fee, or in the alternative, if he fails to file a certified

23  Application to Proceed and a copy of his trust fund account statement(s) (or institutional

24  equivalent) for the six (6) months immediately preceding the filing of the Complaint, which

25  is certified by an authorized officer of the ADOC, within thirty (30) days of the filing date

26  of this Order;

27       (4) A clear, legible copy of every pleading or other document filed SHALL

28  ACCOMPANY each original pleading or other document filed with the Clerk for use by the

1    District Judge or Magistrate Judge to whom the case is assigned. <u>See</u> Local Rule of Civil

2    Procedure 5.4. **Failure to comply with this requirement will result in the pleading or**

3    **document being stricken without further notice to Plaintiff**;

4    (5) At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY

5    ADVISE the Court and the United States Marshal of any change of address and its effective

6    date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice

7    shall contain only information pertaining to the change of address and its effective date,

8    except that if Plaintiff has been released from custody, the notice should so indicate. The

9    notice shall not include any motions for any other relief. Failure to file a NOTICE OF

10   CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute

11   pursuant to Federal Rule of Civil Procedure 41(b);

12   (6) The Clerk of the Court is DIRECTED to provide Plaintiff with a current

13   Court-approved form for filing an Application to Proceed *In Forma Pauperis*.

14   DATED this 25th day of October, 2005.

15

16

17   _____

18   Neil V. Wake
     United States District Judge

19

20

21

22

23

24

25

26

27

28