IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Murray Crosby, | No. CV-05-3234-PCT-NVW (LOA) |
| Plaintiff, | **ORDER AND REPORT AND RECOMMENDATION** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

This matter arises on the Court's review of the file. Plaintiff commenced this action on October 14, 2005 and filed a motion for leave to proceed *in forma pauperis*. (docket # 1) On October 26, 2005, the Court denied the motion for leave to proceed *in forma pauperis* without prejudice to refiling the application on the appropriate form. (docket # 3) On November 21, 2005, Plaintiff filed a second application to proceed *in forma pauperis*. (docket # 4) On January 5, 2006, the Court denied the second application without prejudice because Plaintiff had again used the wrong form and the Court sent the proper form to Plaintiff. (docket # 7) On January 26, 2006 and February 6, 2006 Plaintiff filed his third and fourth application to proceed *in forma pauperis.* (docket # 8)

After Plaintiff properly applied for *in forma pauperis* status, On July 3, 2006, the Court granted Plaintiff leave to proceed *in forma pauperis* and ordered service on several defendants. (docket # 17) Several days later, on July 17, 2006, Plaintiff filed an Amended Complaint. (docket # 21) On August 18, 2006, the Court reviewed the Amended Complaint and ordered

...

service on Defendants William Queen and Ritchey. (docket # 30)  On August 29, 2006, service packets were sent to Plaintiff at his address on file with the Court.

In the meantime, on August 2, 2006, Plaintiff filed a sealed motion to file his new address under seal. (docket # 27) That sealed motion included Plaintiff's current address which he seeks to keep under seal because releasing his address to the public will allegedly place Petitioner in danger. In view of Plaintiff's concern, on September 11, 2006, the Court scheduled an *ex parte* telephonic conference with Plaintiff to discuss his concerns regarding the publication of his address. (docket # 32) The order directed Plaintiff to telephone the Court on September 22, 2006 at 10:15 a.m. (Id.)  When Plaintiff failed to call on September 22, 2006, the Court assumed that the September 11, 2006 Order was mailed to Plaintiff's prior address. In an abundance of caution, the Court sent a new Order to Plaintiff's current address, which is under seal, directing Plaintiff to telephone the Court at 10:00 a.m. on October 5, 2006 to show cause why the Court should not grant his motion to seal his address. (docket # 33) This Order was mailed to Plaintiff's current address.

Despite the Court's order, Plaintiff neither called nor otherwise contacted the Court on October 5, 2006.  Indeed, Plaintiff has not communicated with the Court in any way since August 2, 2006 when he filed an objection to the Court's order dismissing several defendants. (docket # 27)  The Court finds that Plaintiff has violated this Court's orders and shown a lack of regard for the Court's calendar and for his own case. Additionally, although service packets were mailed to Plaintiff's current (sealed) address on September 6, 2006, Plaintiff has yet to return the completed service packets and the deadline for doing so has passed. (docket # 31)

In view of Plaintiff's failure to comply with the Court's September 26, 2006 Order (docket # 33) and failure to return service packets to the Court in a timely manner, on October 6, 2006, the Court ordered Plaintiff to show cause on or before October 27, 2006 why this matter should not be dismissed for failure to comply with court orders pursuant to Fed.R.Civ.P. 41(b). (docket # 34)(citing Moore v. Telfon Communications Corp., 589 F.2d 959, 967 (9th Cir. 1978)(stating that Rule 41(b) requires a Plaintiff to prosecute his case with reasonable diligence); Malone v. United States Postal Service, 833 F.3d 128, 130 (9th Cir. 1987)(noting that

1  Plaintiff's failure to return a completed service packet impedes the resolution of a case and can
2  support dismissal)).  To date, Plaintiff has neither responded to the Court's order to show cause
3  nor returned completed service packets.  And, as previously stated, Plaintiff failed to appear for
4  the telephonic conference scheduled on October 5, 2006 to explain the need to keep his address
5  under seal.  Plaintiff continues to disregard court orders and has essentially abandoned his case.
6  Based on Plaintiff's inaction, the Court will consider whether to dismiss this matter pursuant to
7  Fed.R.Civ.P. 41(b).

8  When considering whether to dismiss an action for failure to comply with Court orders
9  and for failure to prosecute the court considers: "'(1) the public's interest in expeditious
10 resolution of litigation; (2) the court's needs to manage its docket; (3) the risk of prejudice to
11 defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the
12 availability of less drastic sanctions.'"  Carey v. King, 856 F.2d 1439, 1440 (9th Cir.
13 1988)(quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

14 The first two dismissal factors support dismissal.  Plaintiff's failure to take any
15 substantive action since filing a Complaint has impeded the resolution of this case.  Malone v.
16 United States Postal Service, 83 F.2d 128, 130 (9th Cir. 1987).  Second, Plaintiff's failure to offer
17 any explanation for his delay in returning the completed services packet and failure to comply
18 with court orders weighs in favor of dismissal.  Third, Plaintiff bears the burden of persuasion
19 as to the reasonableness of his delay and lack of prejudice to Defendants.  Franklin v. Murphy,
20 745 F.2d 1221, 1232 (9th Cir. 1984).  Under Rule 41(b), Plaintiff is required to prosecute his
21 case with reasonable diligence.  Moore v. Telfon Communications Corp., 589 F.2d 959, 967 (9th
22 Cir. 1978).  There is no evidence that Plaintiff has contacted the Court or Defendants regarding
23 this case.  Plaintiff offers no excuse for his failure to prosecute his claims or for his complete
24 disregard for court orders.  Under these circumstances, the delay is unreasonable and creates a
25 presumption of prejudice to defendants.  Henderson, 779 F.2d at 1423.   Fourth, the Court has
26 warned Plaintiff that the Court may dismiss the matter if Plaintiff did not comply with court
27 orders and effect service within the time limits prescribed.  Such a warning satisfies the Court's
28 obligation to consider less drastic alternatives to dismissal.  Malone, 833 F.2d at 131.  Finally,

the public policy in favor of deciding cases on the merits weighs against dismissal. This factor alone, however, is insufficient to outweigh the other factors which support dismissal. Id.

After review of the foregoing factors, the Court finds that this matter should be dismissed based on Plaintiff's failure to comply with court orders and failure to prosecute. Fed.R.Civ.P. 41(b).  Similarly, in view of Plaintiff's failure to appear at the scheduled telephonic conferences to explain the need to keep his address under seal, the Court will deny that motion.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to File Address Under Seal (docket # 27) is **DENIED**.

IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice for failure to comply with court orders and for failure to prosecute.   Fed.R.Civ.P. 41(b).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).Failure to timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 2nd day of November, 2006.

_____
Lawrence O. Anderson
United States Magistrate Judge